UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
MARY HOSKIN

        Plaintiff,

-against-

DELTA AIR LINES, INC., ERMC AVIATION
LLC, and JOHN DOE (a fictitious designation for a
presently unknown wheelchair assistant employee of
Delta Air Lines, Inc. and ERMC Aviation LLC)

        Defendants.
------------------------------------------------------------ X

**DELTA AIR LINES, INC.
ANSWER TO FIRST
AMENDED COMPLAINT**

Case No.: 24-cv-03181

Defendant Delta Air Lines Inc. ("Delta" or "Defendant"), by and through its attorneys, Fox Rothschild LLP, as and for its Answer to Plaintiff's First Amended Complaint (the "Amended Complaint") states upon information and belief as follows:

1. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of Plaintiff's First Amended Complaint, except that Plaintiff has filed a civil action against Delta.

2. Defendant denies the allegations set forth in Paragraph 2 of Plaintiff's First Amended Complaint, except that Plaintiff brought the action against Delta.

**ANSWER TO JURISDICTION**

3. Defendant admits that Delta removed the action to the instant Court under 28 U.S.C. § 1332 and denies the balance of allegations contained in Paragraph 3 of Plaintiff's First Amended Complaint as stated therein.

**ANSWER TO VENUE**

4. Defendant objects to the allegations contained in Paragraph 4 of Plaintiff's First Amended Complaint as improper legal conclusions and refers all questions of law to the Court.

Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's First Amended Complaint.

5. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiff's First Amended Complaint.

## ANSWER TO PARTIES

6. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's First Amended Complaint.

7. Defendant admits that it is authorized to do business in and is doing business in the State of New York; has its principal place of business in the State of Georgia; and is incorporated in the State of Delaware. Defendant otherwise denies the allegations contained in Paragraph 7 of the Verified Complaint.

8. Defendant admits that it is authorized to do business in and is doing business in the State of New York; has its principal place of business in the State of Georgia; and is incorporated in the State of Delaware. Defendant otherwise denies the allegations contained in Paragraph 8 of the Verified Complaint.

9. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiff's First Amended Complaint.

10. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiff's First Amended Complaint.

11. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiff's First Amended Complaint.

12. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiff's First Amended Complaint.

163798872.1

13. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiff's First Amended Complaint.

14. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's First Amended Complaint.

15. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiff's First Amended Complaint.

## ANSWER TO SUMMARY OF THE CASE

16. Answering Paragraph 16 of Plaintiff's First Amended Complaint, Defendant repeats, reiterates, and reallaeges each and every admission and denial in Paragraphs 1 through 15 of this Answer with the same force and effect as if herein set forth in full.

17. Defendant admits that it provides wheelchair services to passengers as required by law. Defendant otherwise denies the allegations contained in Paragraph 17 of Plaintiff's First Amended Complaint.

18. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of Plaintiff's First Amended Complaint.

19. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiff's First Amended Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of Plaintiff's First Amended Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of Plaintiff's First Amended Complaint.

22. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiff's First Amended Complaint.

163798872.1

23. Defendant denies the allegations contained in Paragraph 23 of Plaintiff's First Amended Complaint.

24. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of Plaintiff's First Amended Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of Plaintiff's First Amended Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of Plaintiff's First Amended Complaint.

27. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of Plaintiff's First Amended Complaint.

## ANSWER TO FACTS

28. Answering Paragraph 28 of Plaintiff's First Amended Complaint, Defendant repeats, reiterates, and reallaeges each and every admission and denial in Paragraphs 1 through 27 of this Answer with the same force and effect as if herein set forth in full.

29. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of Plaintiff's First Amended Complaint.

30. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of Plaintiff's First Amended Complaint.

31. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of Plaintiff's First Amended Complaint.

32. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of Plaintiff's First Amended Complaint.

33. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of Plaintiff's First Amended Complaint.

163798872.1

34. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of Plaintiff's First Amended Complaint.

35. Defendant admits that it provides wheelchair services to passengers as required by law. Defendant otherwise denies the allegations contained in Paragraph 25 of the Verified Complaint.

36. Defendant admits that it provides wheelchair services to passengers as required by law. Defendant otherwise denies the allegations contained in Paragraph 26 of the Verified Complaint.

37. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of Plaintiff's First Amended Complaint.

38. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of Plaintiff's First Amended Complaint.

39. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of Plaintiff's First Amended Complaint.

## **ANSWER TO ACCIDENT**

40. Answering Paragraph 40 of Plaintiff's First Amended Complaint, Defendant repeats, reiterates, and reallaeges each and every admission and denial in Paragraphs 1 through 39 of this Answer with the same force and effect as if herein set forth in full.

41. Defendant admits that on September 19, 2023 DL 5287 departed PWM at approximately 10:27 a.m. and arrived at JFK at approximately 12:00 p.m.

42. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of Plaintiff's First Amended Complaint.

43. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of Plaintiff's First Amended Complaint.

44. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of Plaintiff's First Amended Complaint.

163798872.1

45. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of Plaintiff's First Amended Complaint.

46. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of Plaintiff's First Amended Complaint.

47. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of Plaintiff's First Amended Complaint.

48. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of Plaintiff's First Amended Complaint.

49. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of Plaintiff's First Amended Complaint.

50. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of Plaintiff's First Amended Complaint.

51. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of Plaintiff's First Amended Complaint.

52. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of Plaintiff's First Amended Complaint.

53. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of Plaintiff's First Amended Complaint.

54. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of Plaintiff's First Amended Complaint.

55. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of Plaintiff's First Amended Complaint.

56. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of Plaintiff's First Amended Complaint.

163798872.1

57. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of Plaintiff's First Amended Complaint.

58. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of Plaintiff's First Amended Complaint.

59. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of Plaintiff's First Amended Complaint.

60. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of Plaintiff's First Amended Complaint.

## ANSWER TO PLAINTIFF'S INJURIES

61. Answering Paragraph 61 of Plaintiff's Verified Complaint, Defendant repeats, reiterates, and reallaeges each and every admission and denial in Paragraphs 1 through 60 of this Answer with the same force and effect as if herein set forth in full.

62. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of Plaintiff's First Amended Complaint.

63. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of Plaintiff's First Amended Complaint.

## ANSWER TO FIRST CAUSE OF ACTION

### Negligence of Defendants, DELTA and "JOHN DOE"

64. Answering Paragraph 64 of Plaintiff's Verified Complaint, Defendant repeats, reiterates, and reallaeges each and every admission and denial in Paragraphs 1 through 63 of this Answer with the same force and effect as if herein set forth in full.

65. Defendant admits that it is a common carrier in the business of providing air transportation and adheres to all local, state, and federal regulations and statutes in its carriage of

passengers. Defendant otherwise denies the allegations contained in Paragraph 65 of the Verified Complaint.

66. Defendant admits that it provides wheelchair services to passengers as required by law. Defendant otherwise denies the allegations contained in Paragraph 66 of the Verified Complaint.

67. Defendant denies the allegations contained in Paragraph 67 of Plaintiff' Complaint as stated and objects to the allegations contained in Paragraph 67 of Plaintiff's First Amended Complaint as improper legal conclusions and refers all questions of law to the Court.

68. Defendant admits that it is an air carrier but otherwise objects to the allegations contained in Paragraph 68 of Plaintiff's First Amended Complaint as improper legal conclusions and refers all questions of law to the Court.

69. Defendant objects to the allegations contained in Paragraph 69 of Plaintiff's First Amended Complaint as improper legal conclusions and refers all questions of law to the Court. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of Plaintiff's First Amended Complaint as stated.

70. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of Plaintiff's First Amended Complaint.

71. Defendant objects to the allegations contained in Paragraph 71 of Plaintiff's First Amended Complaint as improper legal conclusions and refers all questions of law to the Court. Defendant otherwise denies the allegations contained in Paragraph 71 of Plaintiff's First Amended Complaint.

72. Defendant denies the allegations contained in Paragraph 72 of Plaintiff's First Amended Complaint.

73. Defendant denies the allegations contained in Paragraph 73 of Plaintiff's First Amended Complaint.

163798872.1

74. Defendant denies the allegations contained in Paragraph 74 of Plaintiff's First Amended Complaint.

75. Defendant denies the allegations contained in Paragraph 75 of Plaintiff's First Amended Complaint.

76. Defendant denies the allegations contained in Paragraph 76 of Plaintiff's First Amended Complaint.

**ANSWER TO SECOND CAUSE OF ACTION**

**Negligence of Defendants, ERMC and "JOHN DOE"**

77. Answering Paragraph 77 of Plaintiff's Verified Complaint, Defendant repeats, reiterates, and reallaeges each and every admission and denial in Paragraphs 1 through 76 of this Answer with the same force and effect as if herein set forth in full.

78. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 of Plaintiff's First Amended Complaint.

79. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 of Plaintiff's First Amended Complaint.

80. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 of Plaintiff's First Amended Complaint.

81. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 of Plaintiff's First Amended Complaint.

82. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 of Plaintiff's First Amended Complaint.

83. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 of Plaintiff's First Amended Complaint.

163798872.1

84. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 of Plaintiff's First Amended Complaint.

85. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 of Plaintiff's First Amended Complaint.

86. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 of Plaintiff's First Amended Complaint.

87. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 of Plaintiff's First Amended Complaint.

88. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 of Plaintiff's First Amended Complaint.

89. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 of Plaintiff's First Amended Complaint.

## ANSWER TO THIRD CAUSE OF ACTION

### Negligent Training and Supervisions by Defendants, DELTA

90. Answering Paragraph 90 of Plaintiff's Verified Complaint, Defendant repeats, reiterates, and reallaeges each and every admission and denial in Paragraphs 1 through 89 of this Answer with the same force and effect as if herein set forth in full.

91. Defendant denies the allegations contained in Paragraph 91 of Plaintiff's First Amended Complaint.

92. Defendant denies the allegations contained in Paragraph 92 of the First Amended Complaint and objects to the allegations contained in Paragraph 92 of Plaintiff's First Amended Complaint as improper legal conclusions and refers all questions of law to the Court.

93. Defendant denies the allegations contained in Paragraph 93 of Plaintiff's First Amended Complaint.

163798872.1

94. Defendant objects to the allegations contained in Paragraph 94 of Plaintiff's First Amended Complaint as improper legal conclusions and refers all questions of law to the Court. Defendant otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of Plaintiff's First Amended Complaint.

95. Defendant denies the allegations contained in Paragraph 95 of Plaintiff's First Amended Complaint.

## ANSWER TO FOURTH CAUSE OF ACTION

## Negligent Training and Supervisions by Defendants, ERMC

96. Answering Paragraph 96 of Plaintiff's Verified Complaint, Defendant repeats, reiterates, and reallaeges each and every admission and denial in Paragraphs 1 through 95 of this Answer with the same force and effect as if herein set forth in full.

97. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 of Plaintiff's First Amended Complaint.

98. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 of Plaintiff's First Amended Complaint.

99. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99 of Plaintiff's First Amended Complaint.

100. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 of Plaintiff's First Amended Complaint.

101. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 of Plaintiff's First Amended Complaint.

163798872.1

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The First Amended Complaint fails to state a claim upon which relief may be granted against Defendant.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Any damages allegedly sustained by Plaintiff were caused or contributed to by her own negligence or culpable conduct and Defendant is, therefore, not liable to the Plaintiff or, alternatively, the Defendant's liability to Plaintiff is partial only and should be reduced in accordance with applicable law.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

In the event that Plaintiff recovers a verdict or judgment, then the verdict or judgment must be reduced by those amounts which have been, or will, with reasonable certainty, replace, or indemnify the Plaintiff in whole or in part, for any past or future claimed economic loss, from any collateral source, such as insurance, Social Security, Workers' Compensation, or employee benefit programs.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

In the event that Plaintiff failed to mitigate or otherwise act to lessen or reduce the alleged damages and/or injuries, then the amount of damages recovered by Plaintiff should be limited to reflect the failure to mitigate damages.AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Any damages allegedly sustained by Plaintiff were caused by the direct and proximate negligence or intentional conduct of other parties, their agents or employees, or by others unknown at this time over whom Defendant had no control at any time relevant hereto, and in the event Defendant is found liable to Plaintiff, which liability is expressly denied, Defendant will be entitled to indemnification, contribution, or apportionment of liability pursuant to applicable law.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

The damages allegedly sustained by Plaintiff were not proximately caused by any negligence or culpable conduct on the part of Defendant.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Defendant alleges that if the Plaintiff sustained any damages at the time and place alleged in the Verified Complaint, such damages were the result of the negligent conduct of the Plaintiff or the result of the Plaintiff's assumption of risk. Should it be found, however, that Defendant is liable to the Plaintiff, any liability being specifically denied, then Defendant alleges that if any damages are found they are to be apportioned among all parties according to the degree of responsibility that each is found to have in the occurrence, in proportion to the entire measure of responsibility for the occurrence.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's damages were caused and brought about by an intervening and superseding cause and were not caused by Defendant, or by a person or entity for whom Defendant is responsible.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are preempted, either explicitly or implicitly, in whole or in part, by U.S. federal law including but not limited to the Federal Aviation Act of 1958, 49 U.S.C. § 14501, et. seq., the Airline Deregulation Act, 49 U.S.C. § 41713, et seq., and the Air Carrier Access Act, 49 49 U.S.C. § 41705, et seq., and all corresponding federal regulations.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

In the event that any person or entity liable or claimed to be liable for the injuries alleged in this action has been given, or may hereafter be given, a release or covenant not to sue, Defendant

will be entitled to a corresponding reduction of any damages which may be determined to be due against them.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's recovery, if any, should be reduced to the extent the award has, or will, indemnify Plaintiffs, for any past or future claimed medical costs, health care, life care, or other economic loss or any other benefit that is offered, or provided under or in connection with the Affordable Care Act, Medicare and/or Medicaid, and to the extent that Plaintiffs failed to obtain available coverage or to take reasonable steps to avail themselves of resources, service benefits and coverage available to them under the Affordable Care Act, Medicare and/or Medicaid, then Plaintiffs failed to mitigate their damages and cannot recover for such failure.

**WHEREFORE,** Defendant DELTA AIR LINES, INC., demands that Plaintiff's First Amended Complaint be dismissed together with the costs and disbursements of the within action, and any other relief which this Court may deem just and proper under the circumstances. Dated: New York, New York.

**Dated:** October 25, 2024
New York, New York

**FOX ROTHSCHILD LLP**

*/s/ Paul N. Bowles III*
By: Paul N. Bowles III
101 Park Avenue, Seventeenth Floor
New York, New York 10178
Telephone: (212) 878-7900
Fax: (212) 692-0940
pbowles@foxrothschild.com
*Attorneys for Defendants Delta Air Lines, Inc.*

163798872.1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 25, 2024, a true and correct copy of the foregoing document was served upon all parties who receive notice via the Court's CM/ECF noticing system in this matter.

*/s/ Paul N. Bowles III*
Paul N. Bowles III, Esq.

163798872.1